

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

September 14, 1965

Mr. John S. Hovenga                   Opinion No. C-503
Executive Director
Board of Regents                      Re: Whether or not the
Texas State Teachers Colleges              President, Comptroller,
Austin, Texas                              or any other employee of
                                           an institution under the
                                           Board of Regents of Texas
                                           State Teachers Colleges
                                           may be an officer or stock-
                                           holder of the bank desig-
                                           nated by such Board as the
                                           depository bank for such
Dear Mr. Hovenga:                          institution.

          In your letter requesting an opinion from this office,
you ask the following question:

          "'If the Board of Regents of the State
          Teachers Colleges enters into a depository
          agreement with a local bank for an institu-
          tion under this Board, is it permissible for
          the President, Comptroller, or any other em-
          ployee of that institution to be an officer
          or a stockholder of that bank that is desig-
          nated by the Board of Regents to be the De-
          pository Bank for that institution.'"

          The Board of Regents for the State Teachers Colleges
was established by Article 2647, Vernon's Civil Statutes. The
general control and management of the State Teachers Colleges
is vested in the Board of Regents of the State Teachers Colleges.
Article 2644, Vernon's Civil Statutes. The general powers of
the Board of Regents are expressed in paragraph 1 of Article
2647, Vernon's Civil Statutes. Paragraph 1, Article 2647,
Vernon's Civil Statutes, provides as follows:

          "1. The Board of Regents of the State
          Teachers' Colleges is charged with the

responsibility of the general control and
management of all State Teachers' Colleges
for white persons and may erect, equip and
repair buildings; purchase libraries, furniture,
apparatus, fuel and other necessary supplies;
employ and discharge presidents or principals,
teachers, treasurers and other employees; and
fix the salaries of the persons so employed.
The principal of each State Teachers' College
shall nominate annually to the board of regents
such professors, teachers, officials, and
assistants as in his opinion will promote the
best interest of the institution."

The authority of the Board of Regents of the State
Teachers Colleges to select a depository bank for local funds
other than local income from educational activities is expressed
in Section 2, Article 2654d, Vernon's Civil Statutes, and Article
IV, Section 34, paragraph j of House Bill 12, Acts 59th Legisla-
ture, Regular Session, 1965, the General Appropriation Bill.
This provision of House Bill 12 is quoted as follows:

"j. Local Depositories. The governing
boards of the respective institutions for which
appropriations are made in this Article are
hereby authorized to select depository banks
for the safekeeping of local funds other than
those specified in the Section, 'Local Income
from Educational Activities,' of this Article.
The boards shall require said depository banks
to furnish adequate surety bonds or securities
to be posted for the assurance of safety of such
deposits. The depository bank or banks so selected
are hereby authorized to pledge their securities
for assurance of safety for such funds. All
such local funds shall be deposited in these
depositories within seven (7) days from date of
collection. The governing boards may require
the depository so designated and selected to
pay interest on deposits at a rate to be agreed
upon by said depositories and said boards."

No employee of a school under the jurisdiction of the
Board of Regents of the State Teachers Colleges has any respon-
sibility in selecting a depository bank for local funds.

Article 6252-9, Vernon's Civil Statutes, establishes
standards of conduct for officers and employees of State agencies,

legislators and legislative employees in the area of possible conflict between their private interests and official duties.

Article 6252-9, Section 3(g), Vernon's Civil Statutes, provides as follows:

"No officer or employee of a state agency shall transact any business in his official capacity with any business entity of which he is an officer, agent, or member, or in which he owns a controlling interest."

Therefore, it is our opinion that it is not permissible for an employee of a school under the jurisdiction of the Board of Regents of the State Teachers Colleges to be an officer or controlling stockholder in the depository bank selected by the Board of Regents, unless such employee does not transact any business in his official capacity with the depository bank.

### S U M M A R Y

It is not permissible for an employee of a school under the jurisdiction of the Board of Regents of the State Teachers Colleges to be an officer or controlling stockholder in the depository bank selected by the Board of Regents, unless such employee does not transact any business in his official capacity with the depository bank.

Very truly yours,

WAGGONER CARR
Attorney General

By: Ivan R. Williams, Jr.
Ivan R. Williams, Jr.
Assistant

IRWjr:ms:mkh

Mr. John S  Hovenga, page 4 (C-503)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Banks
James Strock
Wayne Rodgers
Howard Fender

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright